**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Lisa Womer, | : | |
| Plaintiff, | : | Civil Action No. |
| v. | : | |
| | : | |
| | : | |
| Design Homes LLC and Vision Home | : | Jury Trial Demanded |
| Builder's LLC, and Design Homes of PA, | : | Electronically Filed |
| LLC, | : | |
| Defendants. | : | |

**COMPLAINT**

Plaintiff, Lisa Womer ("Womer" or "Plaintiff Womer" or "Plaintiff"), by and through her counsel, **TRIQUETRA LAW**, brings this action against Design Homes LLC and its successors in liability, Vision Home Builders, LLC and Design Homes of PA, LLC, for violating state and federal statutes prohibiting discrimination and retaliation. Plaintiff seeks relief, legal and equitable, for violations of rights secured to her under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, the Equal Pay Act, 29 U.S.C. § 206(d) *et seq*, as well as state claims arising under the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*

**INTRODUCTION**

In 2007, Defendant Design Homes hired Lisa Womer to work as a laborer. By the summer of 2010, Ms. Womer earned a modest $11.75 per hour, a quarter of a dollar less than a male employee who performed the same type of work as she did.

But Ms. Womer did not complain about the money. She was preoccupied by the unrelenting harassment of her male supervisor: Sonny Kelchner. During the summer of 2010, Kelchner bombarded Ms. Womer with an onslaught of verbally abusive gender-based

statements. He told Womer that she would have her title back once she was "over her period." He called Womer a "fucking cunt, just like the rest of the females in this place." When confronted about why Kelchner felt the need to harass her, Kelchner told Womer, "because you're hot when you're pissed off."

Kelchner also physically harassed Ms. Womer. On one occasion, he slapped Womer's buttocks, and on another occasion, he bent over and exposed his buttocks to her.

Ms. Womer *did* complain about Kelchner's harassment. In fact, other employees witnessed it, including a Design Homes manager. But the day after Womer officially reported Kelchner to Design Homes' third party human resources service, Kelchner terminated Womer from Design Homes.

## JURISDICTION

1.  The jurisdiction of this Court over Counts I & II of this controversy are based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this District Court has original jurisdiction of all civil actions arising under the laws of the United States.

2.  The federal law to be enforced in Counts I & II is Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000(e)-2(a) *et seq.* The Federal law to be enforced in Count III is the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d) *et seq*.

3.  The jurisdiction of this Court over Count IV of this controversy is based upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The laws of the Commonwealth of Pennsylvania, the Pennsylvania Human Relations Act ("PHRA"), apply to Count IV.

## VENUE

4.  Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

PARTIES

5.   Lisa Womer ("Plaintiff Womer" or "Plaintiff" or "Womer") is an adult female citizen of the Commonwealth of Pennsylvania who resides in Shamokin Dam, Pennsylvania.

6.   Design Homes LLC ("Defendant Homes" or "Design Homes") is a private corporation located at 11 Edwards Drive, Bloomsburg, PA 17815.

7.   Vision Home Builders LLC ("Defendant Vision" or "Vision Builders") is a private corporation located at located at 3820 Columbia Blvd., Bloomsburg, PA 17815.

8.   Design Homes of PA, LLC ("Defendant Homes of PA") is a private corporation located at located at 11 Edwards Drive, Bloomsburg, PA 17815

EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.   Womer filed an employment discrimination charge based on gender and retaliation against Defendant Homes with the Pennsylvania Human Relations Commission ("PHRC") in a timely manner, Complaint No. 201001299 on August 30, 2010.

10. Womer's EEOC Charge was simultaneously filed with the Equal Employment Opportunity Commission ("EEOC").

11. Womer exhausted applicable administrative remedies for her Title VII Claims by allowing the PHRC to investigate the matter and requesting a right to sue notice after the agency had the charge for more than one year.

12. Womer requested and received her notice of right to sue on January 13, 2012.

13. Womer exhausted applicable administrative remedies.

FACTUAL ALLEGATIONS

A.   DESIGN HOMES HIRES WOMER, A FEMALE, AND PAYS HER LESS THAN HER SUBORDINATE.

14. Design Homes hired Womer in June 2007 as a laborer.

15. Womer is female.

16. During the same time that Womer was employed at Design Homes, Design Homes also

    employed Randy Weaver.

17. Randy Weaver is a male.

18. Design Homes employed both Mr. Weaver and Womer in 2010.

19. During this time, Mr. Weaver was Womer's subordinate.

20. During this time, Mr. Weaver and Ms. Womer performed substantially similar jobs.

21. During this time, Mr. Weaver earned $12.00 per hour, and Womer earned $11.75 per hour.

### B.  WOMER'S SUPERVISOR, SONNY KELCHNER, SEXUALLY HARASSES WOMER THROUGHOUT THE SUMMER OF 2010.

22. In July and August 2010, Ralph "Sonny" Kelchner ("Kelchner") was employed at Design

    Homes as a Finish Line Supervisor.

23. Kelchner is a male.

24. During this time, Kelchner was Womer's supervisor.

25. On or about July 25, 2010, Kelchner told another employee, while Womer was standing

    nearby, that Womer could have her title back as "Second in command" once she was "over

    her period."

26. On or about August 4. 2010, when Kelchner saw Womer walking up the steps to his office,

    he pulled his pants down and bent over and waited for Womer to see him exposed.

27. On or about August 6, 2010, Kelchner directly shouted at Womer, "You're a fucking cunt,

    just like the rest of the females in this place!"

28. Kelchner made this statement in front of Ron Grevey.

29. Ron Grevey is the supervisor of the rough side of the plant.

30. On or about August 10, 2010, Womer asked Kelchner why he liked pissing her off. Kelchner responded, "Because you're hot when you're pissed off."

31. Tom Wise, Rough Side Plant Manager, was present when Kelchner made the statement described in the above paragraph.

32. On or about August 18, 2010, Kelchner slapped Womer's buttocks.

33. When Womer asked why Kelchner slapped her buttocks, he explained that it was a "pat bottom" to express that he was happy that the work was getting done.

34. On August 19, 2010, Kelchner yelled at Womer on the plant floor because Kelchner demanded that she stay at work even after the other employees had left.

35. As a result of Kelchner's actions, Womer felt threatened and intimidated by Kelchner.

36. As a result of Kelchner's actions, Womer felt degraded as a female.

37. Womer felt that Kelchner's actions during the month of August were hostile and patently offensive.

38. As a result of Kelchner's actions, Womer developed high blood pressure and cried nearly every day in August 2010 that she worked.

### C.  DESIGN HOMES KNEW ABOUT THE HARASSMENT BUT DID NOTHING TO STOP IT.

39. Other coworkers witnessed some or all of these events.

40. Tom Wise was a manager at Design Homes.

41. Womer talked about Kelchner's harassment with Mr. Wise.

42. Tom Wise knew that Kelchner's conduct upset Womer.

43. Wise did not stop Kelchner from harassing Womer.

### D.  WOMER REPORTS THE SEXUAL HARASSMENT TO DESIGN HOMES' HUMAN RESOURCE SERVICE.

44. On August 19, 2010, Womer told Kelchner, "I'm done being treated like this!"

45. Womer clocked out and left Design Homes around 3:40, after her scheduled work hours.

46. On August 19, 2010, after Womer left Design Homes, she called One Source.

47. One Source was the Human Resource service contracted by Design Homes.

48.  During her phone call with One Source, Womer reported and complained about Kelchner's harassment of Womer.

### E.  KELCHNER FIRES WOMER IN RETALIATION FOR HER REPORTING THE HARASSMENT

49. Before 5 a.m. on August 20, 2010, Womer called off work at Design Homes while One Source investigated her complaint.

50. Later that morning, at 9:42 a.m., Kelchner sent Womer a text message.

51. Kelchner's test message stated the following:

> "I am done and I am not coming back" your words from your
>
> mouth. You are no longer employed at design homes. You don't
>
> have to report off. Call if you want to talk."

52. On August 20, 2010, Kelchner informed Womer that she was no longer employed by the Design Homes.

53. Upon information and belief, One Source never investigated Plaintiff's complaint.

### F.  IF DESIGN HOMES LLC DISCONTINUES ITS OPERATIONS, VISION HOME BUILDER'S LLC IS ITS SUCCESSOR IN LIABILITY

54. On or about May 4, 2011, the undersigned counsel contacted defendants through their counsel, Attorney Cordaro in an attempt to resolve matters between the parties.

55. On June 1, 2011, Attorney Cordaro responded via United States mail and informed the undersigned counsel that Defendant Design Homes, LLC discontinued its operations in late April 2011.

56. Design Homes, LLC, Design Homes of PA, LLC and Vision Home Builders, LLC all shared the same address of 11 Edwards Drive, Bloomsburg, PA 17815 during all relevant times set forth in this complaint.

57. On information and belief, Design Homes, LLC, Design Homes of PA, LLC and Vision Home Builders, LLC all shared Robert Christiansen, Jr., also known as Robert Christianson, Jr., as a principle in the business during all relevant times set forth in this complaint.

58. On information and belief, Design Homes, LLC, Design Homes of PA, LLC and Vision Home Builders, LLC all share the same business enterprise, manufacturing modular homes.

59. On information and belief, Design Homes of PA, LLC and Vision Home Builders, LLC continue the same business operations as Design Homes, LLC.

60. On information and belief, Design Homes of PA, LLC and Vision Home Builders, LLC use substantially the same workforce as Design Homes, LLC.

61. On information and belief, Design Homes of PA, LLC and Vision Home Builders, LLC uses substantially the same supervisory personnel.

62. On information and belief, Design Homes of PA, LLC and Vision Home Builders, LLC have the same jobs, machinery, equipment and production methods as Design Homes, LLC.

63. On information and belief, Design Homes of PA, LLC and Vision Home Builders, LLC produces substantially the same product as Design Homes, LLC.

64. Womer gave notice to Design Homes, LLC that she planned to bring action against the company when she first filed her discrimination and retaliation complaint with the Pennsylvania Human Relations Commission on August 30, 2010.

65. Design Homes of PA, LLC and Vision Home Builders, LLC had notice of her claim soon after August 30, 2010.

66. On information and belief, Design Homes of PA, LLC and Vision Home Builders, LLC are able to provide the relief requested.

67. Design Homes of PA, LLC and Vision Home Builders, LLC are in privity with its predecessor, Design Homes, LLC and therefore successors in liability.

### JURY DEMAND

68. Plaintiff herein demands a trial by jury of all Counts herein.

### CAUSES OF ACTION

### COUNT ONE

### 42 U.S.C § 2000*e et seq.* – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST DEFENDANT DESIGN HOMES AND ITS SUCCESSORS IN LIABILITY FOR HOSTILE WORK ENVIRONMENT AND TERMINATION

69. Plaintiff Womer incorporates by reference all preceding paragraphs.

70. Plaintiff Womer is a female.

71. Sonny Kelchner is a male.

72. A reasonable woman would believe that Kelchner created an objectively hostile working environment for Womer.

73. Womer believed that Kelchner created a hostile working environment for her.

74. Kelchner's harassment of Womer was severe and pervasive.

75. Design Homes knew about Kelchner's harassment of Womer.

76. Design Homes did nothing to stop Kelchner's harassment of Womer before Womer reported the harassment to One Source.

77. The determinative and motivating factor for Defendant Design Homes' decision to not stop Kelchner's harassment was because Womer is a female.

78. The determinative and motivating factor for Kelchner's harassment of Womer is because Womer is a female.

79. Plaintiff suffered a tangible employment action.

80. Defendant's unlawful and discriminatory creation of a hostile work environment because of Womer's gender and status as a female violates the provisions of Title VII of the Civil Rights Act of 1964, justifying an award, *inter alia*, of back pay, front pay, benefits, compensatory and punitive damages against Defendant.

## COUNT TWO

**42 U.S.C § 2000*e et seq.* – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST DEFENDANT DESIGN HOMES AND ITS SUCCESSORS IN LIABILITY FOR RETALIATION**

81. Plaintiff Womer incorporates by reference all preceding paragraphs.

82. Plaintiff Womer engaged in protected activity under Title VII by reporting Kelchner's sexual harassment to One Source and to her supervisor, Tom Wise.

83. Defendant Design Homes and Kelchner were aware that Plaintiff Womer reported the sexual harassment.

84. Subsequently, Defendant Design Homes terminated Plaintiff Womer's employment.

85. Kelchner played a role in terminating Plaintiff Womer's employment.

86. There is a causal connection between Plaintiff Womer's reports of sexual harassment and her termination.

87. The determinative and motivating factor for Defendant Design Homes' decision to terminate Plaintiff's employment was the fact that Plaintiff engaged in protected activity, i.e. she reported sexual harassment.

88. Defendant's unlawful and discriminatory termination of Plaintiff Womer because of she engaged in protected activity violates the provisions of Title VII of the Civil Rights Act of

1964, justifying an award, *inter alia*, of back pay, front pay, benefits, compensatory and punitive damages against Defendant.

### COUNT THREE

### 29 U.S.C. § 206(D) *ET SEQ.* – VIOLATION OF THE EQUAL PAY ACT ("EPA") AGAINST DEFENDANT DESIGN HOMES & ITS SUCCESSORS IN LIABILITY

89. Plaintiff Womer incorporates by reference all preceding paragraphs.

90. Plaintiff Womer, a female, earned $11.75 per hour.

91. Plaintiff Womer's subordinate, Randy Weaver, earned $12.00 per hour.

92. Mr. Weaver was a male.

93. Womer and Weaver engaged in work of substantially equal skill, effort, and responsibility.

94. Womer and Weaver worked under similar working conditions.

95. Defendant paid Womer less than Weaver for performing substantially equal work and did so willfully, in violation of the EPA, justifying an award of back pay and liquidated damages under the EPA.

### COUNT FOUR

### 43 P.S § 955(A) – VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT AGAINST DEFENDANT DESIGN HOMES AND ITS SUCCESSORS IN LIABILITY

96. Plaintiff Womer incorporates by reference all preceding paragraphs.

97. Defendants' unlawful and discriminatory creation of a hostile work environment for Plaintiff Womer because of her gender and status as a female violates the provisions of the PHRA, justifying an award, *inter alia*, of back pay, front pay, benefits, and compensatory damages against Defendant.

98. Defendants' unlawful and discriminatory termination of Plaintiff Womer because of her protected activity, i.e. reports of sexual harassment, violates the provisions of the PHRA,

justifying an award, *inter alia*, of back pay, front pay, benefits, and compensatory damages against Defendant.

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendants as follows:

    a.  For a declaratory judgment that Defendants' actions complained of herein violate Title VII, the EPA, and the PHRA;

    b.  For appropriate equitable relief;

    c.  For a money judgment including monetary damages, including back pay, front pay, compensatory damages, punitive damages, and all other sums of money, including retirement benefits, other employment benefits, and liquidated damages;

    d.  For pre-judgment interest;

    e.  For reasonable attorneys' fees, expert witness fees, costs and all other relief permitted by Title VII, the EPA, and the PHRA or other applicable law; and

    f.  For such other relief as the Court deems just and appropriate.

**TRIQUETRA LAW ®**
Respectfully submitted,

Dated: February 21, 2012

Sharon R. López
Attorney for Plaintiff Lisa Womer
35 East Orange Street, Suite 301
Lancaster, PA  17602
(717)  299-6300 (Telephone)
(717)  299-6300 (Fax)
Lopez@TriquetraLaw.com
PA ID 70605